UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD KNORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:12CV00998 AGF |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM AND ORDER**

In this action, Plaintiff Richard Knorr seeks judicial review of Defendants' denial of his claim for disability benefits under an employee life insurance plan governed by the Employee Retirement Income Security Act ("ERISA"). Defendants are the administrator and insurer of the plan, The Prudential Life insurance Co. ("Prudential"); and Plaintiff's former employer, Anheuser Busch Companies, Inc. The matter is now before the Court on Plaintiff's motion to conduct discovery outside the administrative record. Oral arguments on the motion were presented by counsel for both sides on January 9, 2013.

Defendants argue that discovery beyond the administrative record already provided is not warranted, and alternatively, that any discovery permitted should be directed to Prudential only and subject to a protective order. For the reasons discussed below, Plaintiff's motion shall be granted in large part.

It is undisputed that Prudential is both the claims administrator and the insurer of the benefits at issue, and that the plan gives Prudential "the sole discretion to interpret the

terms of the [plan], to make factual findings, and to determine eligibility for benefits."

Where an ERISA benefit plan vests with the plan administrator the discretionary authority to make eligibility determinations, a reviewing court evaluates the plan administrator's decision for an abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Green v. Union Sec. Ins. Co.*, 646 F.3d 1042, 1050 (8th Cir. 2011). In *Glenn* the Supreme Court held that an ERISA plan administrator's dual role of both evaluating and paying benefits claims creates a conflict of interest that should be weighed as a factor in determining whether there was an abuse of discretion, when that standard is appropriate. 554 U.S. at 112-14. The Court commented on the manner in which conflicts of interest are to be considered in such cases:

> The conflict of interest at issue here . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id*. at 117 (citation omitted); *see also Carrow v. Standard Ins. Co.*, 664 F.3d 1254, 1258-59 (8th Cir. 2012).

The Court recognizes that generally, when an administrator's decision is reviewed for abuse of discretion, the scope of review is limited to the evidence before the administrator. *See Willcox v. Liberty Life Assur. Co.*, 552 F.3d 693, 698 (8th Cir. 2009). The Court believes, however, that limited discovery into the nature and extent of

Prudential's dual-role conflict of interest is appropriate in this case to enable Plaintiff to determine what weight, if any, he may ask the Court to give to the conflict. *See Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07CV01026 DDN, 2008 WL 4643942, at *4-5 (E.D. Mo. Oct. 20, 2008) (collecting cases and allowing discovery into steps taken by the insurer to determine whether the plaintiff was eligible for benefits; documents detailing the process by which the plaintiff's claim was denied; information concerning medical evaluations performed by the insurer's medical evaluator and hired consultants, including their compensation); *Almeida v. Hartford Life & Acc. Ins. Co.*, No. 09-cv-01556-ZLW-KLM, 2010 WL 743520, at *2-3 (D. Colo. Mar. 2, 2010) (allowing discovery as to financial incentives between plan administrator/insurer and independent medical reviewers and administrator/insurer's employees who participated in the benefit decision, and internal guidelines and policies of the administrator/insurer); *Hackett v. Standard Ins. Co.*, No. CIV. 06-5040-JLV, 2010 WL 1494772, at *3-4 (D.S.D. Apr. 14, 2010) (allowing discovery as to financial incentives used by administrator/insurer in the claims process, penalties for inaccurate decisionmaking, and claims reviewing history in connection with two consulting doctors).

    Upon review of the record, the parties' briefs and oral arguments, and the relevant case law, the Court will allow Plaintiff written discovery, limited to the following: statements of policy or guidance with respect to the plan relevant to Plaintiff's disability claim; the fee arrangement between Prudential and the consultant hired by Prudential in connection with Plaintiff's claim; the hired consultant's claim review history for

Prudential, limited to the number of times he or she has previously been hired by Prudential to evaluate claimants, and how many times he or she found such claimants were disabled; what methods Prudential uses to reduce bias; and the portions of Prudential's claims manual on handling psychological claims.

Plaintiff's counsel represented at oral argument that he does not intend to conduct any depositions, that discovery would only be directed to Prudential, and that he has no objection to an appropriate protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to conduct discovery is **GRANTED** as set forth above, subject to a protective order to be agreed upon by the parties. (Doc. No. 17.)

**IT IS FURTHER ORDERED**, pursuant to the terms of the Case Management Order, that the discovery shall be completed within 90 days, and Plaintiff shall file his motion for summary judgment within 60 days of the deadline for completing discovery.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.